IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Cause No. 15-42-M-DLC |
| Plaintiff, | |
| vs. | ORDER |
| LOGAN RIVERS WENIGER, | |
| Defendant. | |

Defendant Weniger moves the Court to reduce the sentence under 18 U.S.C. § 3582(c)(1)(A).  He is currently serving a 210-month sentence for federal drug and firearms offenses.  *See* Judgment (Doc. 114).  His projected release date is October 17, 2030.  *See* Inmate Locator, http://www.bop.gov/inmateloc (accessed Nov. 1, 2021).

On July 28, 2021, the Court appointed counsel to represent Weniger.  *See* Order (Doc. 127).  Counsel filed a supplemental motion.  The United States filed a supplemental response and counsel a reply.

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce a sentence if "extraordinary and compelling reasons warrant such a

1

reduction." 18 U.S.C. § 3582(c)(1)(A)(i). The statute provides that any sentence reduction must be consistent with the "applicable" policy statement in the Sentencing Guidelines. *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018). The guideline, however, has not been revised since Congress amended § 3582(c)(1) to allow defendants, not just the Director of the Bureau of Prisons, to move for sentence reductions. The Ninth Circuit holds that district courts may take U.S.S.G. § 1B1.13 into account, but it is binding only when the Director has filed the motion. *See United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam); *see also Bryant v. United States*, No. 20-1732 (U.S. pet. for cert. filed June 10, 2021).

Pertinent factors under § 3553(a) include the "nature and circumstances of the offense and the history and characteristics of the defendant," the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," to deter criminal conduct and protect the public, and to provide effective correctional treatment, including education or vocational training and medical care. *See* 18 U.S.C. § 3553(a)(1), (2). The Court may also consider the advisory guideline range and the need to "avoid unwarranted sentencing disparities" among similarly situated defendants and provide restitution to victims. *See id*. § 3553(a)(4), (6)–(7).

## A.  Reason for Release

Weniger, now 40 years old, asserts that his asthma, combined with the ease of transmitting SARS-CoV-2 in a prison environment, constitutes an extraordinary and compelling reason to reduce his sentence.  He also contends that the restrictive measures imposed by the Bureau of Prisons to contain transmission of the virus exacerbate his anxiety and depression, creating another extraordinary and compelling reason to release him.

The global pandemic is extraordinary and compelling.  Weniger must show it is an extraordinary and compelling reason to release *him*.  Moderate to severe asthma increases a person's risk of developing severe illness if he contracts COVID-19.  *See* Centers for Disease Control, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (updated Oct. 14, 2021, and accessed Nov. 2, 2021).  Weniger has not shown that medical professionals consider his acute asthma attacks to be moderate or severe.  But even if they are so categorized, he does not show that his asthma or the level of risk it adds to his vulnerability as an inmate rises to the level of an extraordinary or compelling reason to release him.

Weniger also asserts that the very measures the Bureau of Prisons has

3

implemented to protect inmates constitute a reason to release him.  Containment

measures likely have made inmates' living conditions somewhat less like secure

facilities offering opportunities for vocational training, education, therapeutic

programs, and recreation, and somewhat more like solitary confinement.  To that

extent, the argument has some merit.  But, again, Weniger does not show that *his*

anxiety and depression are made so much worse by his current living conditions

that they can fairly be called an extraordinary and compelling reason to release

him.  Nor does he demonstrate that releasing him is the only, or even the best,

means to address his anxiety and depression.

### B.  Section 3553(a) Factors

The Court appreciates Weniger's mother's letter on his behalf and the

relationship she describes between him and his father.  *See* Letter (Doc. 136-1) at

19–20.  Weniger's sentence is lengthy.  But the Court imposed the sentence it

found "sufficient, but not greater than necessary," to achieve the objectives of

federal sentencing.  *See* 18 U.S.C. § 3553(a).  Several people identified Weniger as

a prominent supplier of methamphetamine in Missoula.  Despite his prior federal

drug felony conviction, he possessed a number of firearms as well.  And he earned

a two-point guideline enhancement for obstructing justice.  *See* Statement of

Reasons (Doc. 115) at 1 § I(A); *see also, e.g.*, Presentence Report ¶¶ 43, 46–48,

62–64, 67–69, 86.  Even so, Weniger received a downward variance of more than three years below the resulting advisory guideline range, from a range of 188 to 235 months to a sentence of 150 months on the drug count, followed by the mandatory consecutive five-year term on the firearm count.

### C.  Conclusion

Weniger has not shown an extraordinary and compelling reason warranting reassessment of the factors that led the Court to impose the sentence it did.

Accordingly, IT IS ORDERED that Weniger's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Docs. 123, 135) is DENIED.

DATED this 3rd day of November, 2021.

Dana L. Christensen, District Judge
United States District Court

5